**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

RAMON PEREZ-MEJIAS,                :
                                   :   Civil Action No. 12-7836 (RMB)
        Petitioner,       :
                                   :
        v.                :   **OPINION**
                                   :
JORDAN R. HOLLINGSWORTH,            :
                                   :
        Respondent.       :

**APPEARANCES**:

**RAMON PEREZ-MEJIAS**, Petitioner pro se
#29021-069
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**BUMB, District Judge**:

    Ramon Perez-Mejias ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed on August 30, 2006 in the United States District Court for the District of Puerto Rico. Having thoroughly reviewed the Petition, this Court will summarily dismiss the Petition.

**I. BACKGROUND**

    On August 30, 2006, Petitioner was sentenced to one hundred thirty five (135) months imprisonment for drug trafficking. (Pet.

10, ECF No. 1.) Petitioner, who is now incarcerated at FCI Fort Dix in New Jersey, signed his § 2241 Petition on December 12, 2012. The Clerk accepted it for filing on December 26, 2012. He challenges his sentence on two grounds: "No Jurisdiction Issue" and "Illegally Incarcerated." (Pet. 6, ECF No. 1.) In an attached memorandum of law, relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), Petitioner contends that he is "illegally incarcerated for lack of jurisdiction of the sentencing Court to impose any imprisonment," and "[t]he act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (*Id.* at 9.) In a supplement to his petition, Petitioner argues that it was a violation of his due process rights for the Government to rely on the "Maritime Drug Law Enforcement Manual" when they fired "live 50 cal. bullets into a vessel to disable the vessel." (ECF No. 4.)

Factually, he alleges that on October 27, 2005, the United States Coast Guard seized him in a vessel located 30 miles from the Dominican Republic, and prosecuted him under the Maritime Drug Law Enforcement Act. (*Id.* at 10.) Relying on *Bellaizac-Hurtado*, he seeks a writ of habeas corpus vacating his sentence or, in the alternative, ordering an evidentiary hearing. (*Id.* at 16.)

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e);[1] *see Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir.

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Millan-Diaz v. Parker*, 444 F.2d 95 (3d Cir. 1971); *Application of Galante*, 437 F.2d 1164 (3d Cir. 1971) (per curiam); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251). For example, in *Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2] *See Dorsainvil*,

---

28 U.S.C. § 2255(e).

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

4

119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit deemed non-criminal in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), after his conviction became final. In *Bellaizac-Hurtado*, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[3]  *Id.* at 1249.  But the holding of *Bellaizac-Hurtado* does not make Petitioner' conduct non-criminal because Petitioner asserts that he was convicted of drug trafficking 30 miles from the Dominican Republic, which puts him in

---

constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10.  *See Bellaizac-Hurtado*, 700 F.3d at 1248.

5

international waters, not the territorial waters of another nation.[4] In addition, unlike Dorsainvil, Petitioner did not seek to raise his *Bellaizac-Hurtado* challenge in a § 2255 motion brought in the District of Puerto Rico. Finally, the Court notes that Petitioner was not even sentenced in the Eleventh Circuit; he was sentenced in the District of Puerto Rico, which is under the jurisdiction of the First Circuit. Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner' claim and will dismiss the § 2241 Petition for lack of jurisdiction.

**III. CONCLUSION**

The Court dismisses the Petition for lack of jurisdiction. Petitioner's motion for an "emergency court order" (ECF No. 5) is denied.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB,<br>
United States District Judge

Dated: June 25, 2013

---

[4] Territorial waters are the coastal waters extending seaward at most four leagues (12 nautical miles) from the baseline of a nation. *See Landaverde v. Hollingsworth*, Civ. No. 12-7777 (JBS), 2013 WL 2251774, *3 n.4 (D.N.J. May 22, 2013); *see also Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles").